UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JACQUELINE CORTEZ-BURLINGAME, ET AL., | § § § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00183 |
| GALVESTON COUNTY, ET AL., | § § § | |
| Defendants. | § | |

## **ORDER**

Jorge Cortez ("Cortez") died while he was an inmate at the Galveston County Jail. His estate and several family members (collectively, "Plaintiffs") have brought this lawsuit against Galveston County and several medical providers. The gravamen of the claim is that Defendants' policies and procedures were deficient, leading to delayed care and Cortez's ultimate death.

### **BACKGROUND**

I issued a Scheduling Order on October 23, 2018, which provided for a discovery deadline of September 20, 2019. *See* Dkt. 16. On September 6, 2019, two weeks before the discovery deadline, Plaintiffs requested an extension of the discovery deadline to mid-November 2019. *See* Dkt. 28. Defendants agreed with this request, and I issued an oral order on September 17, 2019, moving the discovery deadline to November 15, 2019. The discovery deadline moved yet again when, on October 31, 2019, Judge Jeffrey V. Brown signed an order extending the discovery deadline to November 22, 2019. *See* Dkt. 35.

On December 2, 2019, 10 days after the end of the discovery period, Plaintiffs filed a request for a pre-motion discovery conference, asking for the court's intervention on a number of discovery-related issues. *See* Dkt. 54. On December 6, 2019, Plaintiffs filed a supplemental pre-motion request. *See* Dkt. 60. In that supplemental filing, Plaintiffs informed me that they had resolved all outstanding discovery issues with one exception—Plaintiffs wanted Galveston County to produce all videos depicting Cortez while he was in Galveston County Jail from April 7, 2017, until his release from custody. In the event Galveston County failed to produce the requested video footage, Plaintiffs asked for the opportunity to seek a spoliation instruction.

I held an oral hearing on the afternoon of December 6, 2019, to address this discovery issue. In the hearing, Galveston County explained that it has turned over all videos depicting Cortez in its possession, custody, and control. Galveston County is not, its counsel argued, withholding any videos depicting Cortez. In response, Plaintiffs expressed disbelief that the nine videos provided by Galveston County in connection with this lawsuit represent all the available videos depicting CortezCortez from the time frame in dispute. During the December 6, 2019 phone conference, Plaintiffs requested the opportunity to take a short deposition of the individual who reviewed the Galveston County Jail videos and selected the nine that were ultimately produced. Through this deposition, Plaintiffs hope to develop evidence that Galveston County has either destroyed relevant footage or improperly withheld such footage. I have carefully reviewed the case file and it is clear that the first time Plaintiffs requested to take a deposition of someone associated with Galveston County concerning the existence of videotapes depicting Cortez was during

2

the December 6, 2019 pre-motion conference—a full two weeks after the discovery deadline had expired.

## DISCUSSION

I could have easily issued an oral ruling during the pre-motion conference denying Plaintiffs' request, but I decided I needed to provide the parties—as well as future litigants who will appear in my courtroom—a clear, unmistakable written explanation as to when I will allow discovery to proceed after the discovery deadline contained in a scheduling order has expired.

The legal landscape is well-established in this area. District courts have the unquestioned authority to control and expedite the discovery process through a scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990); FED. R. CIV. P. 16(b). "Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009). Each scheduling order I issue contains a discovery deadline and the parties are expected to conduct the needed discovery before the deadline expires. I will never set a discovery deadline that fails to give both sides sufficient time to pursue the discovery they need to adequately prepare for trial.

Federal Rule of Civil Procedure 16(b)(4) provides that deadlines in a scheduling order may only be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th

Cir. 2003) (quoting 6A ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d. ed. 1990)). A district court's ruling on whether to modify a scheduling order is afforded great deference, especially where the facts of the case suggest a lack of diligence on the part of the party seeking the extension. *See Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008).

In this case, Plaintiffs have failed to show good cause for extending the discovery deadline again. Judge Brown and I already granted several extensions to the initial 11-month long discovery period, giving the parties almost 13 months from the initial scheduling conference to conduct discovery.[1] Diligence requires the parties to actively pursue the necessary discovery in a case. Plaintiffs exemplified a lack of diligence when they failed to provide any explanation as to why they did not seek the desired deposition until weeks after the discovery deadline expired.

To be clear, I am not opposed to extending the discovery deadline when presented with facts indicating that the deadline cannot reasonably be met despite the diligence of the party needing the extension. I am "acutely aware of the many extenuating and sometimes unforeseen circumstances that may arise in the lives of litigants and their attorneys." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 535 (S.D. Miss. 2015). All I ask—and all the

---

[1] Upon further reflection, Judge Brown and I arguably should not have granted the previous requests to extend the discovery deadline. Since those requests were agreed to by all parties and did not impact the trial date, we accommodated the parties and moved the discovery deadline despite a failure by the litigants to establish good cause. The present situation is much different. Unlike the previous extensions, Plaintiffs have now requested the discovery deadline be extended several weeks after it already expired. Galveston County has also voiced its objection to moving the discovery deadline to allow the requested deposition.

Federal Rules of Civil Procedure require—is that a party establish good cause before I consent to moving the discovery deadline. Because good cause is notably absent in this case, Plaintiffs' request to conduct a deposition outside the parameters of the discovery deadline is **DENIED**.

SIGNED in Galveston, Texas, this 9th day of December, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE